IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02466-BNB

JOHN H. COOK,

    Plaintiff,

v.

KEVIN MILYARD (Warden S.C.F.),
MAJOR COX,
ASST. WARDEN TERRY BARTRUFF,
KENNETH ENSLOW,
LT. ALLEN HARMS, and
LT. MICHAEL TIDWELL,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 22 2008

GREGORY C. LANGHAM
                     CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, John H. Cook, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Cook initiated this action by filing *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343 (1993). On December 27, 2007, he filed a supplement to the complaint.

The Court must construe liberally the complaint, as supplemented, because Mr. Cook is representing himself. **See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);** *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See *Hall*, 935 F.2d at 1110.** For the reasons stated below, Mr. Cook will be ordered to file an amended complaint.

The Court has reviewed the complaint, as supplemented, and finds that the supplemented complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Cook "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Cook fails to set forth a short and plain statement of his claims showing that he is entitled to relief. He alleges that he was convicted of a class II, rule 13 violation of the Code of Penal Disciplinary for threats. He contends that he was sanctioned by being fired from his job and being sentenced to twenty days in segregation, followed by another ninety days of segregation. However, he fails to allege, clearly and concisely, the factual basis for his claims, i.e., that he was denied a liberty interest (claim one), that he had an unfair hearing (claim two), and that false dates were included on the disciplinary report. He fails to include a copy of the disposition of charges, if available. He fails to allege what, if any, of his constitutional rights have been violated. He fails to assert, clearly and concisely, the personal participation of each named defendant in the alleged constitutional violations.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Spears must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. See *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint, as supplemented, does not meet the requirements of Rule 8, and that Mr. Cook should be given an opportunity to file an amended complaint that does. Mr. Cook is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Cook file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Cook, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Cook fails to file an amended complaint that complies with this order within the time allowed, the complaint, the supplement to the complaint, and the action will be dismissed without further notice.

DATED February 22, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02466-BNB

John H. Cook
Reg. No. 97002
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 1/22/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk