IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02466-BNB

JOHN H. COOK,

Plaintiff,

v.

KEVIN MILYARD (Warden),
MAJOR COX (Program Manager),
(ASST. WARDEN) TERRY BARTRUFF,
KENNETH ENSLOW (C. I. Employee),
LT. ALLEN HARMS (Reviewing Sup.), and
LT. MICHAEL TIDWELL (Hearing Off.),

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY - 8 2008

GREGORY C. LANGHAM
                    CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, John H. Cook, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. He initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 (2006) alleging that his rights under the United States Constitution have been violated.

On February 22, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Cook to submit within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and that alleged each Defendant's personal participation in the asserted claims. On March 21, 2008, Mr. Cook submitted an amended complaint. As relief he asks to be reimbursed for state

pay and bonus pay for every month since January 2007, for the restoration of his lost good-time credits, for the seven points he lost towards his custody level to be subtracted from his score points, and for the expungement of his disciplinary conviction.

Mr. Cook has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the amended complaint at any time if the claims asserted are legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint, in part, as legally frivolous.

The Court must construe the amended complaint liberally because Mr. Cook is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Cook asserts three claims. As his first claim, he contends that he was denied due process because of a typographical error. He specifically alleges that the notice of charges he received in Case No. 07-1777, in which he was charged with the disciplinary offense of threats, a class two, rule 13 violation of the Code of Penal

2

Discipline, was signed on January 2 and 3, 2006, and that the alleged disciplinary offense occurred on December 5, 2006, making it appear that the notice of charges was signed a year before the disciplinary violation occurred. He asserts this claim against Defendants Kenneth Enslow, Lt. Allen Harms, and Lt. Michael Tidwell.

As his second claim, Mr. Cook alleges that he was subjected to double jeopardy. He specifically alleges that, following the hearing in his disciplinary proceedings, he was sanctioned by twenty days in segregation, loss of good-time credits, and the loss of seven points towards his custody level; that he was fired from his job; and that he was placed without a hearing in the "P.M.P. unit," amended complaint at 5, a population management pod with reduced privileges. He asserts his second claim against Major Cox.

As his third claim, Mr. Cook alleges that his disciplinary hearing was unfair. He specifically alleges that the hearing officer did not allow him to ask his witness questions, that he was denied an inmate representative, and that his hearing officer was biased, although he fails to allege facts to support the allegation of bias. He asserts his third claim against Mr. Enslow and Lt. Tidwell.

Mr. Cook is suing Kevin Milyard simply because he is the acting warden of the Sterling Correctional Facility. He is suing Terry Bartruff, assistant warden, because she handled his appeal from the disciplinary conviction. However, Mr. Cook fails to connect the allegations against either of these Defendants to any of his claims. Magistrate Judge Boland informed Mr. Cook in the February 22, 2008, order for an amended complaint that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish

personal participation, Mr. Cook must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Warden Milyard and Assistant Warden Terry Bartruff will be dismissed as parties to this action for lack of personal participation.

Mr. Cook's first claim does not rise to the level of a due process violation. Merely making vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Mr. Cook's first claim is meritless.

Mr. Cook's second claim is without merit as well. Mr. Cook apparently contends that he is being punished multiple times for his disciplinary conviction by his placement in segregation, loss of good-time credits, loss of seven points towards his custody level, firing from his job, and placement in the population management pod with reduced privileges. The Double Jeopardy Clause of the Fifth Amendment provides protection

against multiple criminal punishments for the same offense. *See Hudson v. United States*, 522 U.S. 93, 99 (1997). The Double Jeopardy Clause only applies to proceedings that are "essentially criminal" in nature. *See Fogel v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (quoting *Breed v. Jones*, 421 U.S. 519, 528 (1975)). The Double Jeopardy Clause is not implicated here because disciplinary sanctions do not constitute criminal punishment. *See Fogel*, 435 F.3d at 1262; *see also Wirsching v. Colorado*, 360 F.3d 1191, 1205 (10th Cir. 2004).

The Court will draw the third claim to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that the claims asserted against Warden Kevin Milyard and Assistant Warden Terry Bartruff are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that claim one asserted against Defendants Kenneth Enslow, Lt. Allen Harms, and Lt. Michael Tidwell and claim two asserted against Major Cox are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that claim three asserted against Mr. Enslow and Lt. Tidwell is drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the clerk of the Court remove the names of Warden Milyard, Assistant Warden Bartruff, Lt. Harms, and Major Cox as parties to this action.

The only remaining parties are Mr. Enslow and Lt. Tidwell.

DATED at Denver, Colorado, this 7 day of May, 2008.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02466-BNB

John H. Cook
Prisoner No. 97002
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/8/08

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                  Deputy Clerk