IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02466-ZLW-KLM

JOHN H. COOK,

    Plaintiff,

v.

KENNETH ENSLOW (C.I. Employee), and
LT. MICHAEL TIDWELL (Hearing Off.),

    Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss Claim Three** [Docket No. 21; Filed July 14, 2008] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., the matter has been referred to this Court for recommendation. The Court has reviewed the Motion, Plaintiff's Response [Docket No. 25; Filed August 12, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**.

**I.    Statement of the Case**

At the time of filing, Plaintiff was incarcerated at the Sterling Correctional Facility ("SCF") of the Colorado Department of Corrections ("CDOC"). On March 31, 2008, Plaintiff filed his *pro se* Amended Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, alleging that: (1) he was denied due process during a prison disciplinary proceeding

1

because of a typographical error; (2) he was subjected to double jeopardy during the same disciplinary proceeding; and (3) that his disciplinary hearing was unfair for various reasons. *Complaint* [#12] at 9-12. By Order dated May 5, 2008, District Judge Weinshienk dismissed Plaintiff's first two claims as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). *Order* [#14] at 5. Accordingly, Plaintiff's sole remaining claim for relief is Claim Three. In Claim Three, Plaintiff alleges that during his disciplinary hearing, the hearing officer, Defendant Tidwell, would not allow Plaintiff to ask questions of the witnesses, that an inmate representative had access to Plaintiff's "write-up," that Plaintiff was denied an inmate representative, and that Defendant Tidwell was generally biased. *Complaint* [#12] at 12. Plaintiff also alleges that Defendant Enslow wrote a false report containing an incorrect date of discovery which apparently led to the disciplinary hearing. *Id.* at 6.

Construing Plaintiff's Third Claim for Relief liberally, the Court finds that it asserts a claim for a violation of Plaintiff's procedural due process rights, pursuant to the Fourteenth Amendment. Plaintiff seeks damages in the form of reimbursement of his bonus and state pay, reimbursement of his good time credits, removal of the "points" from his record, and expungement of the records related to his COPD conviction. *Id.* at 14.

**II.     Standard of Review**

    **A.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

When deciding a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, ____ U.S. ____, 127 S. Ct. 2197 (2007). Courts should look to the specific allegations of the

complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007). Additionally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Hall*, 935 F.2d at 1112; *see also Erickson*, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint).

Finally, because Plaintiff here is proceeding *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

**B.  Analysis**

This action is brought pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The Court has construed Plaintiff's Third Claim for Relief as asserting a violation of his due process rights pursuant to the Fourteenth Amendment. "The Due Process Clause guarantees due process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotations omitted). A plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Public Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, he must show that he possesses a protected liberty interest. *See id.*; *Veile v. Martinson*, 258 F.3d 1180, 1184–85 (10th Cir. 2001). Second, he must show that the procedures used in addressing his liberty interest were inadequate under the circumstances. *See Bartell*, 263 F.3d at 1149. The Supreme Court has held that, for prisoners, a liberty interest exists only where an interference with that right would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Finally, while it is true that "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," *Shaw v. Murphy*, 532 U.S. 223, 228 (2001), "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff v. McDonnell*, 418 U.S. 539, 555–56 (1974).

### 1. Favorable Termination Requirement

4

Defendants argue that Plaintiff's Fourteenth Amendment due process claim is barred due to Plaintiff's failure to first obtain a favorable termination of his Code of Penal Discipline ("COPD") conviction. *Motion* [#21] at 3. Defendants argue that prior to bringing this action, Plaintiff is required by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), to first obtain a favorable termination of his COPD conviction, as Plaintiff "specifically claims that he lost good time credits due to his COPD conviction. In addition, [Plaintiff's] COPD conviction also made him temporarily ineligible to receive earned time." *Id.* at 4. Plaintiff contends that the favorable termination requirement imposed by *Heck* does not apply to his due process claim. *Response* [#25] at 3.

*Heck v. Humphrey* involved a § 1983 claim arising out of alleged unlawful acts by state prosecutors and police officers which led to the plaintiff's arrest and ultimate conviction. 512 U.S. 477. In *Heck*, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* The Supreme Court's holding in *Heck* has also been applied to prison disciplinary convictions that deprive a prisoner of good time credits. *See Edwards v. Balisok*, 520 U.S. 641 (1997). In *Edwards*, the Supreme Court held that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits is not cognizable in a civil rights action pursuant to 42 U.S.C. § 1983 unless the prisoner can demonstrate that the underlying conviction or sentence has been invalidated. *Id.* at 648.

Defendants argue that Plaintiff filed an action in Logan County District Court seeking review of his COPD conviction, and that this action was dismissed for failure to file the action with the requisite 30-day time period.[1]  *Id.* at 4-5.  Therefore, Defendants contend that because Plaintiff's COPD conviction resulted in the loss of eight good time credits and made him temporarily ineligible to receive earned time credit, Plaintiff's failure to obtain a favorable termination of his COPD conviction bars his claim.  *Motion* [#21] at 4.

The Court agrees.  Plaintiff has been deprived of good-time credits.  *Complaint* [#12] at 14.  Like the case in *Edwards*, Plaintiff challenges the validity of his disciplinary conviction and, therefore, the procedures used to deprive him of good-time credits.  520 U.S. at 648.  Plaintiff does not allege that his disciplinary conviction has been invalidated.  Therefore, the claim for damages challenging the validity of his disciplinary conviction and the resulting deprivation of his good-time credits is barred by *Edwards* and *Heck* and should be dismissed without prejudice.  *See Heck*, 512 U.S. at 487; *Edwards*, 520 U.S. at 648; *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("[w]hen a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.").

In addition, to the extent Plaintiff seeks restoration of his lost good-time credits, his request for remedies other than damages is not barred by *Edwards* and *Heck*.  However, that portion of his claim still must be dismissed because his sole federal remedy for seeking restoration of any lost good-time credits is a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).  Moreover, even were the

---

[1]The Court may take judicial notice of public records without converting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  *See City of Philadelphia v. Fleming Cos., Inc.,* 264 F.3d 1245, 1251 n. 4 (10th Cir. 2001).

Court to construe Plaintiff's Complaint as asserting a habeas corpus claim, this claim would not be viable because Plaintiff fails to allege that he has exhausted state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (holding that the exhaustion requirement applies to state prisoners challenging the execution of their sentences). Accepting all the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the Plaintiff, as required, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

Accordingly, I respectfully **RECOMMEND** that the Defendants' **Motion to Dismiss Claim Three** [Docket No. 21; Filed July 14, 2008] be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6), and as barred by the rule in *Edwards v. Balisok*, 520 U.S. 641 (1997).

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

							s/ Kristen L. Mix_____

							United States Magistrate Judge

Dated:	October 10, 2008