IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-02466-ZLW-KLM

JOHN H. COOK,

    Plaintiff,

v.

KENNETH ENSLOW (C.I. Employee), and
LT. MICHAEL TIDWELL (Hearing Off.),

    Defendants.
_____

**ORDER OF DISMISSAL**
_____

    The matter before the Court is Defendants' Motion To Dismiss Claim Three (Doc. No. 21). This motion was referred to Magistrate Judge Kristen L. Mix pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C. On October 10, 2008, the Magistrate Judge issued her Recommendation (Doc. No. 31) that Defendants' motion be granted and that Plaintiff's Amended Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6), and as barred by the rule in <u>Edwards v. Balisok</u>.[1] Plaintiff timely filed objections to the Recommendation.

    As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Court has reviewed *de novo* the portions of the Recommendation to which Plaintiff objected. The Court overrules these objections and adopts the Recommendation in its entirety.

---

[1] <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997).

Plaintiff's remaining claim (Claim Three) is brought pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Plaintiff alleges that during his disciplinary hearing at the Sterling Correctional Facility, operated by the Colorado Department of Corrections, the hearing Officer (Defendant Tidwell) would not allow Plaintiff to ask questions of the witnesses, that an inmate representative had access to Plaintiff's "write-up," that Plaintiff was denied a staff representative, and that Tidwell was generally biased.[2] Plaintiff also alleges that Defendant Enslow wrote a false report containing an incorrect date of discovery which led to the disciplinary hearing.[3] The Court has construed Plaintiff's claim as asserting a violation of his due process rights pursuant to the Fourteenth Amendment.[4] Plaintiff seeks damages in the form of reimbursement of his bonus and state pay, reimbursement of his good time credits, removal of the "points" from his record, and expungement of the records related to his disciplinary conviction.

The Magistrate Judge based her decision primarily on the holdings in the United States Supreme Court cases of Heck v. Humphrey[5] and Edwards. Heck held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."[6] If so, the court must dismiss the complaint "unless the plaintiff

---

[2] Am. Prisoner Compl. at 12 (Doc. No. 12; Mar. 21, 2008).

[3] Id.

[4] Plaintiff, as a *pro se* litigant, must have his pleadings liberally construed by the Court. Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003). Plaintiff has not objected to this Court's characterization of his claim.

[5] Heck v. Humphrey, 512 U.S. 477 (1984).

[6] Id. at 487.

2

can demonstrate that the conviction or sentence has already been invalidated."[7]  The Magistrate Judge found that Plaintiff's claim necessarily implied the invalidity of his disciplinary conviction but Plaintiff had not demonstrated that the conviction had been invalidated.  The Court agrees with the Magistrate Judge's conclusions.

Plaintiff's only objection to this binding legal authority is that Heck "should not impair [his] remedies because the conviction and sentence has indeed already been invalidated."[8]  This is an incorrect statement and, in fact, the opposite is true: evidence in the case indicates that Plaintiff's efforts to invalidate the disciplinary conviction have already been denied by a Colorado state court.[9]  Therefore, the Court will overrule Plaintiff's objection and adopt the Recommendation that Plaintiff's claim for damages is barred under Heck and Edwards.

To the extent Plaintiff's claim can be interpreted to be a request for remedies other than damages, such as restoration of his lost good-time credits, the Magistrate Judge found that the claim still must be dismissed because Plaintiff's Amended Complaint does not adequately allege facts sufficient to assert a habeas corpus claim.[10]  Plaintiff's sole objection seems to be that any deficiency in his habeas claim should be ignored or forgiven because he is proceeding *pro se*.  However, even though he is *pro*

---

[7]Id.  Edwards extended Heck to § 1983 claims for damages and declaratory relief brought by state prisoners challenging the validity of the procedures used to deprive the prisoner of good-time credits. Edwards, 520 U.S. at 648.

[8]Motion [sic] To Set Forth Objections To Judge Magistrate Recommendations (Doc. No. 41; Dec. 1, 2008) at 2 ¶ 6.

[9]See Recommendation at 6.

[10]Id. at 6-7; see also Preiser v. Rodriguez, 411 U.S. 475, 504 (1973); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000).

*se*, Plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based."[11] Plaintiff has not alleged, at a minimum, exhaustion of state remedies so any habeas claim that may exist in this case is legally insufficient.

Plaintiff's remaining objections are irrelevant or lack cognizable merit and are overruled. The Court is satisfied that the remainder of Magistrate Judge's Recommendation is thorough, thoughtful, and correct. Therefore, the Recommendation of the Magistrate Judge (Doc. No. 31; Oct. 10, 2008) is accepted and adopted. Accordingly, it is

ORDERED that Plaintiff's . . . Objections To Judge Magistrate Recommendations (Doc. No. 41; Dec. 1, 2008) are overruled. It is

FURTHER ORDERED that Defendants' Motion To Dismiss Claim Three (Doc. No. 21; July 14, 2008) is granted. It is

FURTHER ORDERED that Plaintiff's motion appealing the ruling of the Magistrate Judge's order (Doc. No. 48; Jan. 8, 2009) is denied as moot. It is

FURTHER ORDERED that the Amended Complaint and cause of action are dismissed without prejudice, the parties to pay their own costs.

DATED at Denver, Colorado, this 6th day of March, 2009.

                                                     BY THE COURT:

                                                     _____
                                                     ZITA L. WEINSHIENK, Senior Judge
                                                     United States District Court

---

[11] Hall v. Belmon, 935 F.2d 1106, 1110 (10th Cir. 1991).